NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

v.

STEVEN NEIL MORRIS, *Appellant*.

No. 1 CA-CR 18-0192
FILED 5-2-2019

Appeal from the Superior Court in Maricopa County
No. CR2016-155886-001
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Kent E. Cattani and Judge James P. Beene joined.

---

**W E I N Z W E I G**, Judge:

¶1 Steven Neil Morris appeals his convictions and sentences for one count of theft of means of transportation. After searching the record and finding no arguable, non-frivolous question of law, Morris's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. Morris had the opportunity to file a supplemental brief but did not. We affirm Morris's convictions and sentences after reviewing the record.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 Phoenix police responded to a suspicious vehicle call on November 30, 2016 and found a reportedly stolen Kawasaki motorcycle. Police surveilled the motorcycle for two hours, but nobody approached. Police contacted the registered owner and asked him to retrieve his motorcycle. Morris appeared and walked toward the motorcycle as police waited for the owner. Morris abruptly changed direction, however, when he saw police standing near the motorcycle. Morris had a shocked expression and police ordered him to stop. Morris complied and crouched to the ground. Police searched Morris, finding the motorcycle keys and a syringe. Morris denied stealing the motorcycle but purported to know who did.

¶3 The motorcycle's owner later testified the motorcycle was worth $20,000, he never gave anyone permission to use the motorcycle, he lost his keys around his apartment complex right before November 30 and he suspected the motorcycle was stolen by Morris, who lived directly below him and frequently commented on the bike.

¶4 The State charged Morris with theft of means of transportation, a class 3 felony, A.R.S. § 13-1814(A)(5), (D), plus four aggravating circumstances pursuant to A.R.S. § 13-701(D). Morris moved

to suppress the evidence found on November 30, arguing the police had no reasonable suspicion to detain him. The superior court denied the motion.

¶5          The superior court held a jury trial in December 2017. Morris had notice of the trial but failed to appear. He had been informed of his right to attend and told that trial would go forward in his absence. Ariz. R. Crim. P. 9.1 ("[A] defendant's voluntary absence waives the right to be present at any proceeding. The court may infer that a defendant's absence is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence."). The jury found Morris guilty with two aggravating circumstances: (1) the "offense involved the taking of, or damage to, property in an amount sufficient to be an aggravating circumstance," and (2) the "offense caused physical, emotional, or financial harm to the victim."

¶6          At sentencing, the superior court determined Morris was a category 3 repetitive offender because he had two historical prior felony convictions. A.R.S. § 13-703(C). The court sentenced Morris to a slightly aggravated term of 12.5 years, followed by community supervision, and awarded him 42 days of presentence incarceration credit. The court also revoked Morris's license and imposed the following: (1) $20 probation assessment; (2) $20 time-payment fee; (3) $13 penalty assessment for law enforcement; and (4) $2 penalty assessment for victims' rights enforcement. Morris then timely appealed. We have jurisdiction pursuant to Ariz. Const. art. 6, § 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A)(1).

## DISCUSSION

¶7          We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶8          Morris was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Morris all of his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Morris's sentences fall within the range prescribed by law, with sufficient credit given for presentence incarceration.

## CONCLUSION

¶9        Morris's convictions and sentences are affirmed. Counsel's obligations in this appeal will end once Morris is informed of the outcome and his future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Morris has 30 days from the date of this decision to proceed with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA